UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. PRASAD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 22-cv-02720-JST<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING ONE CLAIM WITH PREJUDICE AND REMAINING DEFENDANTS WITH LEAVE TO AMEND** |

Plaintiff, an inmate housed at Maguire Correctional Facility in Redwood, California ("MCF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names San Mateo County as a defendant and also names as defendants the following San Mateo government officials: Sheriff Carlos G. Bolanos, Undersheriff Mark C. Robbins, Assistant Sheriff John W. Munsey, McGuire Correctional Facility Captain Facility Commander Alma Zamora, Maple Street Correctional Center Captain Facility Commander Kristina Bell, Administrative Lieutenant John Kovach, Administrative Lieutenant Richard Cheechov, and Does 1-10 kitchen manager.

The complaint makes the following allegations. Plaintiff is a lifelong follower of Hinduism and his religion prohibits consumption of beef and pork. Since April 26, 2018, Plaintiff has been housed at either McGuire Correctional Facility or Maple Street Correctional Center. During that time, Plaintiff has been served pork products. Although Plaintiff has been placed on a vegetarian diet, an inmate who previously worked in the kitchen informed Plaintiff that the white gravy served on certain items was made from beef. Plaintiff has attempted to obtain the ingredient list for all the food items that he has been served, but prison officials have provided only nutrition labels for some of the food items. Correctional officials deny serving Plaintiff pork products, but the gravy ingredient label states that the gravy is made with pork sausage flavors. Plaintiff alleges that Defendants have violated his First Amendment right to free exercise of religion and subjected him to cruel and unusual punishment in violation of the Eighth Amendment by serving him gravy

made with pork products.[1]

Liberally construed, the Court presumes that the pork sausage flavor is generated by using pork and that the complaint's allegations therefore state a cognizable First Amendment free exercise claim against San Mateo County for its policy of feeding Plaintiff gravy made from pork products despite knowing that pork consumption violates the dictates of Plaintiff's religion. Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). Allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs states a cognizable claim under § 1983 of denial of the right to exercise religious practices and beliefs. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet); *McElyea*, 833 F.2d at 198 (same). However, the allegations do not state a claim under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff's disturbed digestive system does not rise to level of an Eighth Amendment violation. The Eighth Amendment claim is DISMISSED with prejudice.

However, the remaining defendants are DISMISSED from this action with leave to amend because Plaintiff has not stated a claim against them for the following reasons.

Plaintiff alleges that defendant Cheechov denied a grievance at the second level. Generally speaking, a prison official's denial of an inmate's grievance alone does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

---

[1] Plaintiff has also attached exhibits showing that the instant ramen noodles contain beef fat, and lobster and shrimp flavors. However, it is unclear if these ramen soups are part of the meals served Plaintiff by the correctional facility or if he purchased these instant ramen noodles from the prison canteen. In addition, Plaintiff does not allege that his religion prohibits the consumption of lobster or shrimp.

1  2003) (holding that prisoner has no constitutional right to effective grievance or appeal
2  procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of
3  entitlement to a grievance procedure.").

4        As to the remaining non-Doe defendants, Plaintiff has not identified how each individual
5  defendant was involved in the alleged First Amendment violation, i.e. if they directly authorized
6  the inclusion of pork products in the meals.  Plaintiff is cautioned that there is no respondent
7  superior liability, or supervisory liability, under Section 1983, i.e., liability under the theory that
8  one is liable simply because he supervises a person who has violated a plaintiff's rights.  *See*
9  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  When a named defendant holds a supervisory
10 position, the causal link between him and the claimed constitutional violation must be specifically
11 alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).  Conclusory allegations
12 concerning the involvement of supervisory personnel in civil rights violations are not sufficient to
13 state a claim.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  A supervisor may
14 be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional
15 deprivation, *Rico v. Ducart*, 980 F.3d 1292, 1303 (9th Cir. 2020); or (2) a sufficient causal
16 connection between the supervisor's wrongful conduct and the constitutional violation, i.e. if the
17 supervisor knew of the violation and failed to act to prevent it, *Rico*, 980 F.3d at 1303, or the
18 supervisor engaged in culpable action or inaction in the training, supervision, or control of his
19 subordinates, *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018), or the
20 supervisor engaged in conduct that showed a reckless or callous indifference to the rights of
21 others, id.; or (3) if the supervisor implemented "a policy so deficient that the policy itself is a
22 repudiation of constitutional rights and is the moving force of the constitutional violation,"
23 *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).

24       Finally, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit,
25 *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively
26 impossible for the United States Marshal to serve an anonymous defendant.  The Court's general
27 practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the
28 unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name

the intended defendant. *See Gillespie*, 629 F.2d at 642. Plaintiff may seek to determine the identity of Doe defendants through discovery and then request leave to amend the complaint to add these Doe defendants.

In preparing an amended complaint, Plaintiff should identify the person(s) who violated his constitutional right(s), describe what this (these) person(s) did or did not do that constituted a violation of his First Amendment right to free exercise of religion, and state where and when the violation occurred. Plaintiff should not refer to the defendants as a group (e.g. "the defendants" or "they").

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Liberally construed, the complaint states a cognizable First Amendment claim against defendant San Mateo County. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendant San Mateo County at 400 County Center, Redwood City, CA 94063.** A courtesy copy of the complaint, along with any attachments (ECF No. 1), and this order shall also be mailed to the San Mateo County Counsel, at 400 County Center, Redwood City, CA 94063.

2. The Eighth Amendment claim is DISMISSED with prejudice. The remaining defendants are DISMISSED with leave to amend. If Plaintiff wishes to pursue claims against these defendants, he may file an amended complaint within **twenty-eight (28) days** of the date of this order correcting the deficiencies identified above, if he can truthfully do so. The amended complaint must include the caption and civil case number used in this order, Case No. 22-CV-02720-JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present, including the First Amendment claim found cognizable in this order, and all of the defendants he wishes to sue, including the

5

defendant(s) ordered served above.  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in the complaint docketed at ECF No. 1 remaining the operative complaint, and this action will proceed solely against San Mateo County on the First Amendment claim found cognizable above.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

      3.     In order to expedite the resolution of this case, the Court orders as follows:

          a.     No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

          b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

          c.     Defendant shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

      4.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

---

[2] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1    do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
2    granted when there is no genuine issue of material fact – that is, if there is no real dispute about
3    any fact that would affect the result of your case, the party who asked for summary judgment is
4    entitled to judgment as a matter of law, which will end your case.  When a party you are suing
5    makes a motion for summary judgment that is properly supported by declarations (or other sworn
6    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
7    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
8    as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
9    documents and show that there is a genuine issue of material fact for trial.  If you do not submit
10   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
11   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
12   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
13   not excuse Defendant's obligation to serve said notice again concurrently with a motion for
14   summary judgment.  *Woods*, 684 F.3d at 939).

15        5.    All communications by Plaintiff with the Court must be served on Defendant's
16   counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard
17   any document which a party files but fails to send a copy of to his opponent.  Until Defendant's
18   counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,
19   but once Defendant is represented by counsel, all documents must be mailed to counsel rather than
20   directly to Defendant.

21        6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
22   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
23   before the parties may conduct discovery.

24        7.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
25   Court informed of any change of address and must comply with the Court's orders in a timely
26   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
27   to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
28   pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: March 14, 2023



JON S. TIGAR
United States District Judge