1

JOHN D. NIBBELIN, COUNTY COUNSEL (SBN 184603)
By: Tara E. Heumann, Deputy (SBN 252163)

2

Hall of Justice and Records
400 County Center, 6th Floor

3

Redwood City, CA  94063
Telephone:  (650) 363-1965

4

Facsimile:  (650) 363-4034
E-mail:  theumann@smcgov.org

5

6

Attorneys for Defendants
COUNTY OF SAN MATEO

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

KEVIN B. PRASAD,

Case No. 4:22-cv-02720-JST

11

        Plaintiff,

**DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO COMPLAINT**

12

   vs.

13

COUNTY OF SAN MATEO, et al.,

14

      Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:22-cv-02720-JST

DEFENDANT COUNTY OF SAN MATEO'S ANSWER TO COMPLAINT

1    Defendant COUNTY OF SAN MATEO admits, denies, and alleges as follows, in answer to the

2   Complaint of Plaintiff KEVIN B. PRASAD.

3                    **RESPONSES TO ALLEGATIONS IN COMPLAINT**

4         1.      In response to paragraph I of the Complaint under the heading "Exhaustion of

5   Administrative Remedies," Defendant San Mateo County admits that Plaintiff is currently confined in the

6   Maple Street Correctional Center. Defendant admits that there is a grievance procedure at the two adult

7   jails in San Mateo County: Maguire Correctional Facility and Maple Street Correctional Center.

8   Defendant admits that Plaintiff presented the facts in his complaint for review through the grievance

9   procedure in the San Mateo County jails and that he appealed the denial of his grievance.

10        2.      In response to paragraph II of the Complaint under the heading "Parties," Defendant San

11  Mateo County admits that Plaintiff's current address is accurate. Defendant San Mateo County admits

12  that the individuals listed were employees of the Sheriff's Office at some time during Plaintiff's

13  confinement in the San Mateo County jails.

14        3.      Defendant admits that in April 2018, Plaintiff was housed in the Maguire Correctional

15  Facility and that he moved to the Maple Street Correctional Center in June 2018. Defendant lacks

16  sufficient information to admit or deny when and how Plaintiff first inquired about the ingredients in his

17  food. Defendant lacks sufficient information to admit or deny whether and when an unidentified housing

18  unit deputy told Plaintiff to talk to Service League to request a religious diet. Defendant lacks sufficient

19  information to admit or deny the accuracy of Plaintiff's handwritten diet calendar. Defendant lacks

20  sufficient information to admit or deny whether Plaintiff had every meat in his diet replaced with a

21  vegetarian patty. Defendant lacks sufficient information to admit or deny that a former inmate kitchen

22  worker told Plaintiff that the white gravy contained beef.

23        4.      Defendant admits that Plaintiff completed a Health Services Request Form on or about

24  May 29, 2020, requesting the label from the gravy served at the jail to see the ingredients. Defendant

25  lacks sufficient information to admit or deny whether Plaintiff's Exhibit C is what was given to him by

26  County staff in response to that Request Form. Plaintiff's partial recitation of the ingredients list in his

27  own Exhibit C is accurate.

28

5.      Defendant admits that Plaintiff completed a Health Services Request form that was received by the County on or about July 14, 2020. Defendant lacks sufficient information to admit or deny the complete contents of that document. Defendant lacks sufficient information to admit or deny how the County responded to Plaintiff's religious diet request form, which Plaintiff labels Exhibit E. Defendant lacks sufficient information to admit or deny whether Plaintiff's Exhibit F accurately reflects Plaintiff's diet as of January 2021.

6.      Defendant admits that Plaintiff submitted the grievance he labeled Exhibit G. Defendant admits that Plaintiff submitted his Exhibit H.

7.      Defendant denies that Plaintiff found out that pork sausage was served to him. Defendant lacks sufficient information to admit or deny whether Plaintiff started denying food that contained white gravy.

8.      Defendant denies that there was a dietary issue to resolve for Plaintiff but admits that Plaintiff filed the grievance labeled Exhibit I. Defendant admits that Plaintiff filed a grievance appeal but lacks sufficient information to admit or deny whether Plaintiff's Exhibit J is a true and accurate copy of his grievance appeal. Defendant admits that Lieutenant Richard Cheechov responded to Plaintiff's grievance appeal and that a true and correct copy of his response is labeled Plaintiff's Exhibit K.

9.      Defendant lacks sufficient information to admit or deny facts related to Plaintiff's notification to the County or the letter dated October 27, 2021, which Plaintiff labeled Exhibit L.

10.     Defendant lacks sufficient information to information or admit or deny the contents of Plaintiff's Exhibits M and N and lacks sufficient information to information or admit or deny that these exhibits are relevant to Plaintiff's lawsuit. Defendant lacks sufficient information to admit or deny the accuracy of Plaintiff's Exhibits O, P, Q, R, S, and T.

11.     Defendant lacks sufficient information to admit or deny whether Plaintiff is a lifelong follower of Hinduism or whether his sect states that followers cannot consume beef or pork.

12.     Defendant denies serving Plaintiff food containing pork.

13.     Defendant lacks sufficient information to admit or deny whether Plaintiff has received or been denied certain nutrition and ingredients information about different foods served in the jails.

Defendant lacks sufficient information to admit or deny whether Plaintiff's digestive system becomes disturbed by eating pork.

## AFFIRMATIVE DEFENSES

14.     Defendant SAN MATEO COUNTY reserves the right to assert any applicable defenses to Plaintiff's claims. Defendant has not yet completed discovery. Thus, Defendant is unable to determine with certainty which affirmative defenses may apply. On these grounds, Defendant reserves the right to amend or otherwise supplement this pleading as the applicability of additional affirmative defenses becomes apparent. At this time, as separate and distinct affirmative defenses to the Complaint and cause of action upon which the case is proceeding, per the Court's order of March 14, 2023, Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE

(Qualified immunity)

15.     Defendant is immune from liability under the doctrine of qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

(Failure to state facts for punitive and exemplary damages)

16.     The Complaint fails to state facts sufficient to support a prayer for punitive damages or exemplary damages.

### THIRD AFFIRMATIVE DEFENSE

(Statute of limitations)

17.     Plaintiff failed to file his lawsuit within the applicable statute of limitations period.

### FOURTH AFFIRMATIVE DEFENSE

(Good faith)

18.     Defendant' actions were in good faith.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to exhaust administrative remedies)

19.     Plaintiff failed to exhaust administrative remedies prior to filing suit (42 U.S.C. § 1997e(a)).

**SIXTH AFFIRMATIVE DEFENSE**

(Negligent Conduct)

20.     Plaintiff is precluded from maintaining claims for violation of civil rights because the conduct of Defendant was, at most, merely negligent (and negligence is expressly denied).

**SEVENTH AFFIRMATIVE DEFENSE**

(Contributory negligence and comparative fault of Plaintiff)

21.     Any injury, damage, or harm sustained by Plaintiff and complained of in the Complaint was the direct and proximate result of Plaintiff's own misconduct. Plaintiff bears responsibility for any alleged injury, damage, harm, or other alleged loss, and any damages rendered must be diminished in proportion to his fault.

**EIGHTH AFFIRMATIVE DEFENSE**

(Assumption of risk)

22.     By virtue of his own behavior, Plaintiff assumed the risk of any injury, damage, or harm sustained and complained of by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to mitigate)

23.     Plaintiff failed to mitigate all or a portion of the damages alleged in the Complaint and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care.

**TENTH AFFIRMATIVE DEFENSE**

(Estoppel, Waiver)

24.     The Complaint is barred, in whole or in part, by the doctrines of estoppel and waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Damages)

25.     Plaintiff suffered no damages as a result of any action by Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for the following:

1.     That Plaintiff takes nothing by way of his Complaint;

2.     For all costs of suit, including attorneys' fees, to be awarded to the answering Defendant;

3.     For judgment in favor of the answering Defendant; and

4.     For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury.

Dated:  May 8, 2023                                              Respectfully submitted,

                                                                              JOHN D. NIBBELIN, COUNTY COUNSEL


                                                                              By: _____/s/ Tara Heumann_____
                                                                                        Tara E. Heumann, Deputy

                                                                              Attorneys for Defendant
                                                                              COUNTY OF SAN MATEO