UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. PRASAD,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 22-cv-02720-JST<br><br>**ORDER DENYING REQUEST TO PAUSE LITIGATION, DENYING REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF Nos. 25, 27, 29, 32 |

Plaintiff, an inmate currently housed at Maple Street Correctional Center ("MSCC"), has filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that San Mateo County is serving him pork products despite knowing that pork consumption violates the dictates of Plaintiff's religion, in violation of Plaintiff's First Amendment right to free exercise of religion. This order addresses the following pending motions: (1) Plaintiff's motion to pause litigation, ECF No. 25; (2) Plaintiff's motion requesting leave to file an amended complaint, ECF No. 27; (3) Plaintiff's request for appointment of counsel ECF No. 29; and (4) Plaintiff's request for a temporary restraining order, ECF No. 32.

## DISCUSSION

### I.     Motion to Pause Litigation (ECF No. 25)

Plaintiff's request to pause litigation (ECF No. 25) is DENIED as moot. Plaintiff has informed the Court that he wishes to withdraw this motion. ECF No. 30.

### II.    Motion for Leave to File Amended Complaint (ECF No. 27)

Plaintiff has requested leave to file an amended complaint, stating that he now realizes that the original complaint was incomplete in that it failed to explain the following: the damages that

he has incurred; that Exhibits M and N are exhibits of items that can be purchased in the commissary; that certain named defendants have since been replaced with other individuals, that Denise Chu and Anna Miraramon should be named as defendants; and to add claims for violation of the Fourteenth Amendment's Due Process Clause, the Equal Protection Clause, and the Religious Land Use Institutionalized Persons Act. ECF No. 27. Plaintiff has not filed a proposed amended complaint.[1] This request is DENIED for failure to comply with N.D. Cal. L.R. 10-1 which requires a party seeking to file an amended pleading to "reproduce the entire proposed pleading [without] incorporate[ing] any part of a prior pleading by reference." N.D. Cal. L.R. 10-1. This denial is without prejudice to Plaintiff filing a request for leave to file an amended complaint, which must be accompanied by a proposed amended complaint containing all the defendants he wishes to sue and all the legal claims he wishes to make.

### III. Motion for Appointment of Counsel (ECF No. 29)

Plaintiff has requested appointment of counsel. ECF No. 29. Plaintiff argues that appointment of counsel is warranted because he is unable to afford counsel; his imprisonment greatly limits his ability to litigate; the issues involved are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law, in part due to the prison's limitations on tablet use in cells; trial will involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses; the jail policy prohibiting the receipt of personal mail prevents Plaintiff from preparing declarations to support his claims; defendant San Mateo County and defense counsel can easily access Plaintiff's legal research requests because his requests are processed by the Service League of San Mateo, which is headed by San Mateo District Attorney Steve Wagstaffe, whose officers are in the same building as defense counsel; jail policy denies Plaintiff access to a computer and to an eraser; and Plaintiff must rely on defendant San Mateo County to mail his pleadings to this

---

[1] Plaintiff reports that on May 28, 2023, he sent to this Court for filing a motion requesting appointment of counsel and a motion for discovery proceedings; and on June 28, 2023, he sent to this Court for filing a motion requesting a temporary restraining order, a motion to allow for an amended complaint, an amended complaint, a declaration, and a motion for summary judgment. ECF No. 25 at 4-5. The Court is not in receipt of these documents.

Court and to distribute court orders to him, and defendant San Mateo County is untrustworthy because it has previously "lost" Plaintiff's communications to and from the Court. ECF No. 29.

The Court DENIES Plaintiff's requests for appointment of counsel for failure to demonstrate exceptional circumstances. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The likelihood of Plaintiff's success on the merits is unclear at this point as the pending summary judgment motion may resolve this action on the merits. Plaintiff has been able to articulate his claims pro se and file numerous pleadings despite his incarceration and the limitations imposed by jail policy. The request for appointment of counsel is therefore denied for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 29.

**IV.    Motion for Temporary Restraining Order (ECF No. 32)**

Plaintiff has filed a one-page pleading titled "Temporary Restraining Order," wherein he requests an order that defendant San Mateo County be prohibited from serving Plaintiff any food containing "Custom Culinary Mix Gravy Country Pan Roast Instant." ECF No. 32. The Court construes this pleading as a motion for a temporary restraining order. It is unclear if Plaintiff's declaration, filed on the same day, is intended to support this request for a temporary restraining order. Regardless, the Court DENIES this request because Plaintiff has failed to make a clear showing that he is entitled to the requested injunctive relief. The Prisoner Litigation Reform Act

3

of 1995 ("PLRA") restricts the power of the court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998). Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In Plaintiff's declaration, he appears to imply that he is likely to succeed on the merits of his claim for the following reasons: (1) an inmate former kitchen worker informed him that the gravy contained beef; and (2) the gravy nutrition label stated that the gravy contained pork sausage flavors derived from natural flavors, which means the flavor comes from a natural, not artificial, source. ECF No. 28 at 3, 5. Plaintiff's assertions are insufficient to make a clear showing that he is likely to succeed on the merits, for several reasons. The inmate former kitchen worker apparently made the statement in June 2020. ECF No. 1 at 14. The basis of the inmate former kitchen worker's knowledge, i.e., how he was aware of the ingredients of the gravy, is unknown. The fact that the pork sausage flavor is derived from a natural source does not mean that source is pork. Finally, the unidentified inmate former kitchen worker's statement is hearsay. Although district courts have the discretion to consider hearsay in ruling on a preliminary injunction *Novation Sols., Inc. v. Issuance Inc.*, No. 223CV00696WLHKSX, 2023 WL 6373871, at *6 (C.D. Cal. Aug. 16, 2023), that is because "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). That is not the circumstance here. Moreover, even giving the statement some weight,

4

the Court it insufficient to carry Plaintiff's burden.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to pause litigation, ECF No  25; DENIES Plaintiff's request for leave to file an amended complaint, ECF No. 27; DENIES Plaintiff's request for appointment of counsel, ECF No. 29; and DENIES Plaintiff's request for a temporary restraining order, ECF No. 32.

This order terminates ECF Nos. 25, 27, 29, 32.

**IT IS SO ORDERED.**

Dated:  February 6, 2024



JON S. TIGAR
United States District Judge