UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KEVIN B. PRASAD, | Case No. 22-cv-02720-JST |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING AS MOOT REQUEST TO PAUSE LITIGATION; DENYING WITHOUT PREJUDICE LEAVE TO FILE AMENDED COMPLAINT; DENYING REQUESTS FOR LEAVE TO FILE ADDITIONAL RESPONSES TO SUMMARY JUDGMENT MOTION; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; SETTING BRIEFING SCHEDULE** |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. | |
| | Re: ECF Nos. 16, 18, 40, 41, 49 |

Plaintiff, a pretrial detainee in the custody of San Mateo County, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendant San Mateo County has a policy of feeding Plaintiff gravy made from pork products despite knowing that pork consumption violates the dictates of Plaintiff's religion. ECF No. 1, 10. This order addresses the following pending motions: (1) Plaintiff's request to pause the litigation, ECF No. 18; (2) defendant San Mateo County's motion for summary judgment, ECF No. 16; (3) Plaintiff's request for leave to file an amended complaint, ECF No. 41; (4) Plaintiff's requests to file a supplemental opposition and to introduce new exhibits, ECF Nos. 40, 49.

**DISCUSSION**

**I.     Procedural Background**

The complaint names as defendants San Mateo County and the following San Mateo County officials: Sheriff Carlos G. Bolanos, Undersheriff Mark C. Robbins, Assistant Sheriff John W. Munsey, McGuire Correctional Facility Captain Facility Commander Alma Zamora,

Maple Street Correctional Facility Captain Facility Commander Kristina Bell, administrative lieutenant John Kovach, administrative lieutenant Richard Cheechov, and kitchen manager Doe No. 1. The complaint makes the following allegations: Plaintiff is a lifelong follower of Hinduism and his sect of Hinduism prohibits consumption of beef and pork. Since April 26, 2018, Plaintiff has been housed at either McGuire Correctional Facility or Maple Street Correctional Center. Plaintiff has been placed on a vegetarian diet but has been informed by an inmate who previously worked in the kitchen that the gravy served on certain items is made from beef. Plaintiff has requested the ingredient list for all the food items served him so that he can ensure that he is not consuming pork, but prison officials have only provided ingredient labels for some of the food items. Plaintiff's digestive system has become disturbed due to consuming pork. The complaint does not specify what constitutional provisions have been violated. The complaint requests the following relief: an injunction allowing Plaintiff to see nutrition and ingredient labels upon request, appointment of counsel, compensatory and punitive damages in the amount of $8,000 per occurrence, a jury trial, and any other relief deemed appropriate. *See generally* ECF No. 1.

The Court screened the complaint and found that, liberally construed, the complaint's allegation that San Mateo County had a custom or policy of feeding Plaintiff gravy made from pork despite knowing that Plaintiff's religion prohibited the consumption of pork stated a cognizable First Amendment free exercise claim. The Court dismissed any claim arising from the complaint's allegation that the pork products disturbed Plaintiff's digestive system because such a claim did not rise to the level of an Eighth Amendment violation. ECF No. 10 at 3. The Court dismissed defendant Cheechov from the action with prejudice because defendant Cheechov's only involvement in the alleged constitutional violation was conducting the second level review of Plaintiff's grievance regarding the pork products served to him, which fails to state a claim for personal liability under Section 1983. ECF No. 10 at 3. The Court dismissed the remaining defendants from the action with leave to amend, finding that the complaint had not stated a claim against them for the following reasons: the complaint failed to identify how each individual defendant was involved in the alleged First Amendment violation, i.e. if they directly authorized

2

the inclusion of pork products in the meals; there is no supervisory liability under 42 U.S.C. § 1983; and the use of John Doe to identify a defendant is not favored in the Ninth Circuit, in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. ECF No. 10 at 3-5. The Court granted Plaintiff leave to file, by March 11, 2023, an amended complaint that addressed the identified deficiencies. The Court instructed Plaintiff that if he did not file an amended complaint within the time provided, this action would proceed with ECF No. 1 as the operative complaint and solely against San Mateo County on the specified First Amendment free exercise claim the Court found cognizable. ECF No. 10 at 5-6. Plaintiff did not file an amended complaint within the time provided.

On May 8, 2023, defendant San Mateo County filed an answer to the complaint. ECF No. 15. On June 12, 2023, defendant San Mateo County filed a motion for summary judgment. ECF No. 16.

On September 18, 2023, Plaintiff filed a motion stating that he wished to file an amended complaint because he realized that the original complaint was incomplete in that it failed to explain the following: the damages he incurred; that Exhibits M and N are items that can be purchased in the commissary; that certain named defendants have since been replaced with other individuals; that Denise Chu and Anna Miraramon should be named as defendants. He also wished to add claims for violations of the Fourteenth Amendment's Due Process Clause, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act. The motion did not include a proposed amended complaint, as required by the Court's local rules. ECF No. 27.

That same day, Plaintiff also filed an opposition to defendant San Mateo County's summary judgment motion. ECF No. 31. On October 3, 2023, defendant San Mateo County filed a reply in support of its summary judgment motion. ECF No. 36. Plaintiff has since filed the following additional briefs opposing the summary judgment motion: (1) a "Supplement to Plaintiff's Opposition to Defendants' Motion for Summary Judgment," ECF No. 40, and (2) a motion to introduce new exhibits, ECF No. 49.

On October 26, 2023, Plaintiff filed a proposed amended complaint, which the Court construes as a renewed motion to for leave to file an amended complaint. ECF No. 41.

3

On February 6, 2024, the Court denied Plaintiff's initial request to file an amended complaint, ECF No. 27, and other miscellaneous requests made by Plaintiff. ECF No. 51.

## II. Plaintiff's Request to Pause the Litigation (ECF No. 18)

Plaintiff's request to pause the litigation is DENIED as moot. ECF No. 18. Since the request was filed, Plaintiff has indicated that he would like to proceed with this action. ECF No. 30.

## III. Motion for Leave to File Amended Complaint (ECF No. 41)

On October 26, 2023, Plaintiff filed a proposed amended complaint at ECF No. 41. The Court construes this pleading as a request for leave to file an amended complaint. Because Plaintiff filed this proposed amended complaint more than 21 days after defendant San Mateo County filed its answer and after the deadline provided by the Court in its screening order, Plaintiff may only amend the complaint if he obtains either defendant San Mateo County's written consent or the court's leave. Fed. R. Civ. P. 15(a). Defendant San Mateo County does not consent to Plaintiff filing an amended complaint. ECF No. 43.

Fed. R. Civ. P. 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Court DENIES leave to file the proposed amended complaint as futile. As explained in further detail below, the Court grants summary judgment in favor of defendant San Mateo County with respect to Plaintiff's claim that he is being fed pork in violation of the First Amendment's free exercise clause. Accordingly, because the proposed amended complaint raises this claim, such amendment is futile. However, the proposed amended complaint also raises claims regarding Plaintiff's ability to view nutrition and ingredient labels and verify that there is no cross-contamination. Accordingly, the Court's denial is without prejudice to Plaintiff filing a renewed motion for leave to amend and attaching a new proposed amended complaint that omits the claim regarding being fed pork products.

4

If Plaintiff wishes to file a renewed request for leave to file an amended complaint, he shall do so within twenty-eight (28) days of the date of this order and attached a proposed amended complaint to the renewed request. Failure to file renewed request for leave to file an amended complaint within the time provided will result in ECF No. 1 remaining the operative complaint and this action proceeding on the additional claim which the Court has found cognizable: defendant San Mateo County refuses to provide Plaintiff with ingredients labels so that he can determine whether his diet complies with his religious dietary restrictions, in violation of the First Amendment's free exercise clause and the Fourteenth Amendment's due process clause. The Clerk shall send Plaintiff two copies of the Court's civil rights complaint form.

## IV.  Summary Judgment

In screening the complaint, the Court found that the complaint stated the following cognizable claim: defendant San Mateo County has a custom or policy of feeding Plaintiff gravy made from pork, despite knowing that Plaintiff's religion prohibited the consumption of pork, in violation of the First Amendment's free exercise clause. Defendant San Mateo County has filed a motion for summary judgment, arguing that it is entitled to summary judgment as a matter of law with respect to this claim because, as of May 4, 2018, Plaintiff has been served a fully vegetarian diet and the gravy does not contain pork products. *See generally* ECF No. 16. Plaintiff has filed an opposition, arguing that the plain reading of the County Gravy Mix's ingredient label establishes that it is made from pork. ECF No. 31. Defendant San Mateo County has filed a reply. ECF No. 30.

Plaintiff has since filed the following additional pleadings opposing the summary judgment motion: (1) a "Supplement to Plaintiff's Opposition to Defendants' Motion for Summary Judgment," ECF No. 40; and (2) a motion to introduce new exhibits, ECF No. 49. The Court construes these pleadings as requests to file additional memoranda in support of Plaintiff's opposition. N.D. Cal. L.R. 7-3(d) which provides that once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except if new evidence has been submitted in the reply or a relevant judicial opinion was published after the date the opposition or reply was filed by filing. N.D. Cal. L.R. 7-3(d). Defendant San Mateo County's

reply brief in support of its summary judgment motion did not submit new evidence, and Plaintiff's supplement and motion to introduce new exhibits did not reference a newly published relevant judicial opinion. Accordingly, the Court DENIES Plaintiff's requests to file a supplemental brief in support of his opposition, ECF No. 40, and to file new exhibits in support of his opposition, ECF No. 49. In considering defendant San Mateo County's summary judgment motion, the Court does not consider ECF Nos. 40 and 49.

### A. Factual Background[1]

During the relevant time period, Plaintiff was a pretrial detainee in the custody of San Mateo County and housed at either McGuire Correctional Facility ("MCF") or Maple Street Correctional Center ("MSCC"). ECF No. 1 at 3.

San Mateo County provides various specialized diets to accommodate inmates' needs, including but not limited to religious diets for Muslim and Jewish inmates, diabetic inmates, a lactose-intolerant diet, a dental soft diet, and diets that accommodate for various allergies, such as allergies to peanuts, shellfish, or dairy. ECF No. 16-1 at 3, 17-19. The lacto-ovo vegetarian diet excludes all meat and includes dairy and eggs. ECF No. 16-1 at 3.

Plaintiff is a lifelong follower of Hinduism, and the Hindu sect to which he belongs prohibits the consumption of beef and pork. ECF No. 1 at 5. When Plaintiff entered the custody of San Mateo County in late April 2018, he informed correctional staff of his religious dietary restrictions. ECF No. 1 at 14. In response, he was placed on the lacto-ovo vegetarian diet and remains on this diet to this day. ECF No. 1 at 14.

In June 2020, an inmate who had worked in the jail kitchens informed Plaintiff that the gravy served in the lacto-ovo vegetarian diet contained pork. ECF No. 1 at 14. Plaintiff obtained the description label, the nutrition label, and the ingredient label for the gravy, which is the Country Gravy Mix (which Plaintiff refers to as the "white gravy").[2] The description label of the

---

[1] The following facts are undisputed unless otherwise noted.
[2] San Mateo County jails only serve two gravies to inmates: the Country Gravy Mix and the Knorr Brown Gravy Mix. The Knorr Brown Gravy Mix is a vegan product, and Plaintiff has not challenged the use of the Knorr Brown Gravy Mix as violating his religious dietary requirements. ECF No. 16 at 8; ECF No. 16-1 at 2.

6

Country Gravy Mix on the packaging describes the gravy mix as follows:

> Made with real buttermilk butter and pork sausage flavors, cream-colored Custom Culinary® PanRoast® Country Gravy appeals to the palate and the eye. This hearty variety is an ideal companion to biscuits, pork chops, chicken fried steak and other classic favorites. The smooth and creamy texture of this traditional pan-style milk gravy is also great for creating your own signature dishes.

ECF No. 1 at 8; ECF No. 16-1 at 6. The ingredient label lists the following ingredients:

> Enriched Wheat Flour (Wheat Flour, Niacin, Reduced Iron, Thiamine Mononitrate, Riboflavin, Folic Acid), Food Starch - Modified, Corn Syrup Solids, Coconut Oil, Salt, Sugar, Canola Oil, Hydrolyzed Corn Protein, Contains 2% Or Less Of The Following: Sodium Caseinate, Spice, Mono & Diglycerides, Titanium Dioxide (Color), Maltodextrin, Disodium Inosinate, Disodium Guanylate, Natural Flavors [With Annatto And Turmeric (For Color), Milk], Silicon Dioxide (As An Anti-Caking Agent).

ECF No. 1 at 8; ECF No. 16-1 at 6.

Plaintiff argues that the Country Gravy Mix's labels indicate that it is made from pork products because the description label states that the mix has "pork sausage flavors" and the ingredient label states that all the flavors are "natural flavors." ECF No. 1 at 4; ECF No. 31 at 2-3. Defendant San Mateo County states that Country Gravy Mix is a vegetarian product, as indicated by the ingredient list which does not list any type of animal species, product, or byproduct; and that the phrase "natural flavors" refers to the annatto (a plant product), turmeric, and milk, which are the ingredients listed following the phrase "natural flavors." ECF No. 16-1 at 2.

Plaintiff has informed San Mateo County correctional staff via letters and grievances that that the Country Gravy Mix violates his religious dietary requirements because it is made from pork. San Mateo County correctional staff have responded by stating that the lacto-ovo vegetarian diet complies with his religious dietary requirements. Plaintiff has also made multiple requests for nutrition and ingredient labels for the foods served him so that he may personally determine if the foods served him comply with his religious dietary requirements. These requests have been denied with the statement that the lacto-ovo vegetarian diet provided Plaintiff complies with Plaintiff's religious requirements. ECF No. 1 at 10, 11, 13-19.

### B.     Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

7

law." *See* Fed. R. Civ. P. 56(a) (2014). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e)).

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. If the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

### C.     First Amendment Free Exercise Claim Regarding Pork in Gravy Mix
#### 1)     Legal Standard

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Prisoners retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However,

1    "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges
2    and rights, a retraction justified by the considerations underlying our penal system.'" *Id.* (quoting
3    *Price v. Johnston*, 334 U.S. 266, 285 (1948)).  Due to the mere fact of incarceration, a prisoner's
4    First Amendment rights are necessarily "more limited in scope than the constitutional rights held
5    by individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001).  Consequently, an
6    inmate retains only "those First Amendment rights that are not inconsistent with his status as a
7    prisoner or with the legitimate penological objectives of the corrections system." *Pell v.*
8    *Procunier*, 417 U.S. 817, 822 (1974).  Similar principles apply with respect to pretrial detainees.
9    *See Bell*, 441 U.S. at 545 (pretrial detainees retain "at least" the same constitutional rights as
10   convicted prisoners, including "freedom of . . . religion under the First and Fourteenth
11   Amendments") (citations omitted); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1209 (9th Cir.
12   2008) ("as with other First Amendment rights in the inmate context, detainees' rights may be
13   limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order
14   and discipline'") (internal quotation marks and citation omitted; alterations in original).
15           To prevail on a First Amendment free exercise claim, a pretrial detainee essentially must
16   prove that a government official (a) "substantially burden[ed]" the pretrial detainee's exercise of a
17   sincerely held religious belief; and (b) did so in an unreasonable manner—i.e., the official's
18   actions were not "rationally related to legitimate [governmental] interests." *See O'Lone*, 482 U.S.
19   at 348–50.  Whether a prison official's restriction on a religious practice is a reasonable, rather
20   than an "exaggerated," response to a legitimate governmental interest, courts consider four factors,
21   specifically: (1) whether there is a "valid, rational connection" between the regulation and a
22   legitimate government interest put forward to justify it; (2) "whether there are alternative means of
23   exercising the right that remain open to prison inmates;" (3) whether accommodation of the
24   asserted constitutional right would have a significant impact on guards and other inmates; and (4)
25   whether ready alternatives are absent (bearing on the reasonableness of the regulation). *Turner v.*
26   *Safley*, 482 U.S. 78, 89–90 (1987).  Further, when the restriction affects pre-trial detainees,
27   substantive due process requires that the restriction or regulation cannot be intended to serve a
28   punitive interest.  *Bell*, 441 U.S. at 535.

9

//

//

### 2) Analysis

Defendant San Mateo County argues that it is entitled to summary judgment because the record shows that the Country Gravy Mix does not contain any pork or pork byproducts. The ingredient list does not list any type of animal species, product or byproduct. If the pork sausage flavors were generated from pigs or any animal, that animal product would be listed in the ingredient list. And the phrase "natural flavors" refers to the ingredients following the phrase "natural flavors," which are annatto (a plant product), turmeric, and milk. *See generally* ECF Nos. 16, 31.

Plaintiff argues that summary judgment should be denied because the description label and ingredient label, read together, acknowledge that pork is an ingredient of the County Gravy Mix. Plaintiff argues that the phrase "made with . . . pork sausage flavors," on the description label, and the phrase "natural flavors," on the ingredient label, indicate that there is pork in the Country Gravy Mix, because: (1) the definition of "made" in the Merriam-Webster Dictionary is "past and past part of make;" (2) the ingredient label states "Natural Flavors [With Annatto And Turmeric (For Color), Milk," which indicates that the natural flavors are the items listed in the description label – real buttermilk butter and pork sausage flavors – in addition to the items listed after the phrase natural flavors – annatto, turmeric, and milk; (3) the labelling requirements set forth in 21 C.F.R. Part 701.3(b) require that the declaration of ingredients appear with such prominence and conspicuousness as to render it likely to be read and understood by ordinary individuals; and (4) the term "natural flavors," as defined by 21 C.F.R. Part 101.22(a)(3) includes products derived from meat.

Viewing the record in the light most favorable to Plaintiff, the Court finds that defendant San Mateo County is entitled to summary judgment as to whether Plaintiff has been fed pork products in violation of the First Amendment because there is no triable issue of fact as to whether Country Gravy Mix contains pork or pork byproducts. The Food and Drug Administration ("FDA") requires that food manufacturers list on the ingredient label all the ingredients in the food

item in descending order of predominance by weight. 21 C.F.R. 101.4(a). The ingredient label for Country Gravy Mix does not list pork or any pork byproduct. Plaintiff's conviction that the Country Gravy Mix is derived from pork is based on the declaration of an inmate worker; his insistence that the description label, which is not regulated by the FDA, is more accurate than the ingredient label; and his refusal to acknowledge that meat flavors can be generated from plants or plant byproducts. It is unclear how the inmate worker is certain that the ingredient label is inaccurate, and it appears that the inmate worker may have relied on the description label to reach the conclusion that the Country Gravy Mix is made from pork or a pork product. The description label which claims that the gravy mix is "made with real buttermilk butter and pork sausage flavors" does not create a triable issue of material fact as to the accuracy of the ingredient label. Plaintiff's reading of the description label – that the gravy flavor is created by using real pork sausage – presumes that pork sausage flavor can only be generated from pork sausage. However, the description label can reasonably be read as stating that the gravy is made with ingredients that give the gravy the flavor of pork sausage. Similarly, the ingredient label's reference to "natural flavors" does not create a triable issue of material fact as to whether the pork sausage flavor came from pork. The phrase "natural flavors" indicates that the flavors were derived from an animal, plant, or plant or animal byproduct and not produced in a lab. 21 C.F.R. § 101.22(a)(1). Although the phrase "natural flavors" includes flavors derived from an animal or animal byproduct, that does not indicate or suggest that the "natural flavors" that created the "pork sausage flavor" in the Country Gravy Mix were derived from an animal or an animal byproduct when the ingredient list does not list any animals or animal byproducts. Because there is no triable issue of fact as to whether defendant San Mateo County has served Plaintiff pork, the Court GRANTS summary judgment in favor of defendant San Mateo County with respect to the claim that defendant San Mateo County violated Plaintiff's First Amendment right to freely exercise his religion by serving him pork.

### D. Additional Arguments Raised in Opposition

In the screening order, the Court found that the operative complaint only stated one cognizable claim: whether defendant San Mateo County had violated Plaintiff's First Amendment

11

1    right to free exercise of religion by serving him pork products despite knowing that pork
2    consumption violates the dictates of Plaintiff's religion. ECF No. 10 at 2-3, 5. However, in the
3    opposition, it appears that Plaintiff seeks to bring additional claims.
4    　　　　In the opposition, Plaintiff also argues that (1) he has a right to request nutrition and
5    ingredient labels for all foods served him so that he can confirm whether the foods are in
6    accordance with Plaintiff's religious beliefs; (2) Defendant is required to provide these nutrition
7    and ingredient labels either automatically or upon request; and (3) he has the right to inspect the
8    kitchen to ensure that the food served him complies with his religious requests. ECF No. 31 at 1-
9    2. These claims are distinct from the First Amendment free exercise claim regarding being served
10   pork. However, the operative complaint did allege that Plaintiff requested ingredient labels for all
11   the foods served him to confirm whether his diet is in accordance with his religious dietary
12   restrictions but was denied these labels. The operative complaint did not make any mention of
13   requesting to inspect the kitchen. ECF No. 1 at 3-4. In the interest of justice and keeping in mind
14   that courts must liberally construe *pro se* pleadings, *see United States v. Qazi*, 975 F.3d 989, 993
15   (9th Cir. 2020), the Court finds that, liberally construed, the operative complaint's allegation that
16   defendant San Mateo County refuses to provide Plaintiff with ingredients labels so that he can
17   determine whether his diet complies with his religious dietary restrictions states both a cognizable
18   First Amendment free exercise claim and a cognizable due process claim. *See Shakur v. Schriro*,
19   514 F.3d 878, 883-84 (9th Cir. 2008) (in order to establish free exercise violation, prisoner must
20   show defendant burdened practice of religion without any justification reasonably related to
21   legitimate penological interests); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (when pretrial
22   detainee challenges conditions of confinement, proper inquiry is whether conditions amount to
23   punishment in violation of Due Process Clause of Fourteenth Amendment). The Court finds that
24   the operative complaint does not state any claim related to kitchen inspection.

## CONCLUSION

26   　　　For the reasons set forth above, the Court orders as follows.
27   　　　1.　　　The Court DENIES as moot Plaintiff's request to pause the litigation. ECF No. 18.
28   　　　2.　　　The Court DENIES Plaintiff's request for leave to file an amended complaint. ECF

1  No. 41.  This denial is without prejudice to Plaintiff re-filing a renewed request for leave to
2  amend, accompanied by a proposed amended complaint as required by the local rules.  The
3  proposed amended complaint may not contain the First Amendment free exercise claim regarding
4  being served pork via the gravy mix because the Court has already granted summary judgment in
5  favor of Defendants on this claim.  If Plaintiff wishes to file an amended complaint, he shall do so
6  within twenty-eight (28) days of the date of this order.

       If Plaintiff files an amended complaint, the Court will vacate the briefing schedule below, screen the amended complaint, and set a new briefing schedule in the screening order.

       If Plaintiff chooses not to file an amended complaint within the time provided, ECF No. 1 will remain the operative complaint and this action will proceed on the additional cognizable claim recognized by the Court: defendant San Mateo County refuses to provide Plaintiff with ingredients labels so that Plaintiff can determine whether his diet complies with his religious dietary restrictions, in violation of the First Amendment's free exercise clause and the Fourteenth Amendment's due process clause.

       The Clerk is directed to send Plaintiff two copies of the Court's civil rights complaint form.

       3.    The Court DENIES Plaintiff's request for leave to file a supplemental opposition to defendant San Mateo County's summary judgment motion, ECF No. 40, and to introduce new exhibits in support of his opposition, ECF No. 49.

       4.    The Court GRANTS defendant San Mateo County's motion for summary judgment on the claim that defendant San Mateo County violated Plaintiff's First Amendment right to freely exercise his religion by serving him pork.  ECF No. 16.

       5.    The Court finds that, liberally construed, the operative complaint's allegation that defendant San Mateo County refuses to provide Plaintiff with ingredients labels so that he can determine whether his diet complies with his religious dietary restrictions states both a cognizable First Amendment free exercise claim and a cognizable due process claim.

       6.    No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion addressing the First

1 Amendment free exercise claim and a cognizable due process claim found cognizable above. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

7. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[3]

8. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

---

[3] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1    If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
2    *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
3    not excuse Defendant's obligation to serve said notice again concurrently with a motion for
4    summary judgment.  *Woods*, 684 F.3d at 939).
5        This order terminates ECF No. 16, 18, 40, 41, 49.
6    **IT IS SO ORDERED.**
7    Dated:  March 6, 2024



JON S. TIGAR
United States District Judge

15